IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

WINFRED P. CICERO, JR., )
#54493-066, )
                                )
                Plaintiff, )    Civil Action No. 0:03-4137-HFF-BM
v. )
                                )
UNITED STATES OF )    **REPORT AND RECOMMENDATION**
AMERICA, )
                                )
                Defendant. **)**
_____**)**

This action was originally filed by the Plaintiff, pro se, pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). Plaintiff, an inmate at the United States Medical Center in Springfield, Missouri, alleged violations of his constitutional rights while he was incarcerated at the Federal Correctional Institution in Edgefield, South Carolina. The named Defendants were all employees of the United States Bureau of Prisons (BOP), assigned to FCI-Edgefield.

The Defendants filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on April 28, 2005. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on April 29, 2005, advising Plaintiff of the importance of a motion for summary judgment and of the necessity for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion could be granted, thereby ending his

1



case. Plaintiff thereafter filed an "affidavit" in opposition to the motion, with attached exhibits, on May 31, 2005. Plaintiff also sought an extension of time to file additional material, which was granted by the Court on June 7, 2005. Plaintiff then filed additional material in opposition to the motion on June 27, 2005.

In an order filed August 10, 2005, the Court noted that the Defendants filed their motion for summary judgment prior to even filing an answer in this case, and that the Plaintiff had therefore not enjoyed any discovery period in which to seek or obtain evidence to support his claims. See Local Rule 26.04, D.S.C. [providing for discovery in pro se cases to be completed within a period of ninety (90) days following the joinder of issues]. The Court therefore granted Plaintiff sixty (60) days to complete his discovery in the case, during which time the Clerk was directed to remove the pending motion for summary judgment from the docket. Following completion of this discovery period, an order was entered on October 25, 2005 restoring the motion for summary judgment to the docket, and providing the Defendants with fifteen (15) days to file any supplemental memorandum and/or exhibits they deemed necessary as a result of any new discovery obtained. Defendants advised the Court on October 26, 2005 that they did not intend to file any additional material, following which the Court issued another Roseboro order granting the pro se Plaintiff time to file any additional material he wished to file in opposition to the Defendants' motion.

In a response filed November 28, 2005, Plaintiff filed an "objection" to the summary judgment motion in which he stated that, under Rule 15(d), Fed.R.Civ.P. [which allows for the service of supplemental pleadings setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented], Plaintiff would "continue his action under 1346 F.T.C.A.".

2



Puzzled by the Plaintiff's response, the Court thoroughly reviewed the docket of this case and discovered a proposed amended Complaint which had been mailed to the Court by the Plaintiff on or around September 12, 2005, but never docketed. This amended Complaint asserted Plaintiff's claims solely under the Federal Tort Claims Act (FTCA), and only named the United States of America as a party Defendant. See 26 U.S.C. § 2671 et. seq. A review of the docket in this case shows that Plaintiff had filed a motion to amend his Complaint on August 29, 2005, which was denied by the Court on September 6, 2005 because no proposed amended Complaint was attached to the motion. The docket further reflects that Plaintiff refiled that same motion to amend on September 26, 2005, which was again denied because there was still no proposed amended Complaint attached to the motion. However, in the interim, Plaintiff had apparently mailed his proposed amended Complaint to the Court on or around September 12, 2005, unaccompanied by any motion, and as a result it was never filed as a document in the case. There is, however, a letter in the file from the Plaintiff dated September 19, 2005 referencing "resubmission of amended Complaint", in which he stated that "copies of previous Complaint were submitted to the U.S. Attorney General." The amended Complaint submitted to the Court contained a certificate of service stating that a copy of the proposed amended Complaint had been mailed to the United States Attorney General in Washington, D.C.

Accordingly, in an order filed March 14, 2006 (Document No. 46) the Court granted Plaintiff's motion to amend, and Plaintiff's amended Complaint dated September 7, 2005 (received by the Court on or around September 12, 2005) was docketed as Plaintiff's Complaint in this matter as of the date of that order. As a result of this amendment, the only remaining Defendant in this case is the United States of America. The undersigned then mooted the Defendants' previous motion for

3



summary judgment (which had been filed seeking dismissal of Plaintiff's claims under <u>Bivens</u>), and the parties were granted twenty (20) days to file dispositive motions addressing Plaintiff's new Complaint asserting his claims under the FTCA.

The Defendant thereafter filed a motion to dismiss or in the alternative for summary judgment on April 4, 2006, following which a <u>Roseboro</u> order was entered by the Court on April 5, 2006. Plaintiff then filed several motions for extension of time to respond to the Defendant's motion, all of which were granted by the Court, with the last being granted on July 12, 2006, giving Plaintiff until July 31, 2006 to file his response. That final order of the Court noted in bold language: "NO FURTHER EXTENSIONS WILL BE GRANTED."

Notwithstanding these extensions, Plaintiff did not file any response to the Defendant's motion for summary judgment by the deadline set by the Court. However, a response was received on September 5, 2006. Although Plaintiff's response has been filed out of time, since this Court is charged with liberally construing pleadings filed by a <u>pro se</u> litigant in order to allow the development of a potentially meritorious case; <u>see</u> <u>Cruz v. Beto</u>, 405 U.S. 319 (1972); <u>Haynes v. Kerner</u>, 404 U.S. 519 (1971); the undersigned has considered Plaintiff's late response in issuing this Report and Recommendation.

**Discussion**

Although the Defendant recites the history of this case and sets forth evidence and exhibits which address Plaintiff's claim on the merits, Defendant only argues in its motion that it is entitled to dismissal of Plaintiff's Complaint on the grounds that Plaintiff failed to file this federal tort claim within the applicable statute of limitations. Therefore, that is the only argument addressed in this Report and Recommendation.

4



Defendant notes that this case was originally a <u>Bivens</u> action, and that (on motion of the Plaintiff) Plaintiff's claim was not changed to a Federal Tort Claims Act cause of action until March 15, 2006. Defendant also correctly notes that, in order to pursue a claim under the FTCA, a Plaintiff must first file an administrative claim within two years of the date his claim accrues, and then file a legal action within six months of the federal agency mailing its notice of denial of the administrative claim. 28 U.S.C. § 2401 (b); see <u>Henderson v. United States</u>, 785 F.2d 121, 123 (4th Cir. 1986); <u>Johnson v. United States</u>, 652 F.Supp. 407, 409 (E.D.Va. 1987). While Defendant does not dispute that Plaintiff timely filed his administrative claim with the agency, Defendant argues that Plaintiff failed to comply with the six month statute of limitations governing the filing of subsequent litigation, and that this case is therefore subject to dismissal. <u>See</u>   <u>Kinson v. United States</u>, 322 F.Supp.2d 684 (E.D.Va. 2004).

It is undisputed that the Bureau of Prisons' letter denying Plaintiff's claim was sent via certified mail to the Plaintiff on August 5, 2003. <u>See</u> <u>Defendant's Exhibits 10 & 11</u>. Therefore, by operation of law, Plaintiff had until February 5, 2004 to file this civil action.[1] Defendant's argument for dismissal on statute of limitations grounds has two prongs: first, Defendant argues that since Plaintiff did not convert this case to an FTCA claim until on or about September 12, 2005,[2] more than nineteen (19) months after the limitations deadline had passed, he failed to timely pursue

---

[1] There is an exhibit in another case filed by the Plaintiff, case No. 0:04-02223, discussed <u>infra</u>, showing another appeal Plaintiff filed to the "Central Office". However, this "appeal" apparently dealt with an administrative grievance filed by the Plaintiff in November 2003, not with an FTCA claim. See <u>Attachment F to Amended Complaint in No. 0:04-2223 filed on July 8, 2004</u>; <i>cf.</i> <u>Gaughan v. United States</u>, No. 02-740, 2003 WL 1626674 at *2 (N.D.Ill. Mar. 25, 2003).

[2] Although Plaintiff's motion to amend was not granted until March 15, 2006, Plaintiff's proposed amended Complaint converting this action to an FTCA claim was filed on or around September 12, 2005.

5



his claim. Second, Defendant argues that, even if the Court considers Plaintiff's FTCA claim as "relating back" to the date Plaintiff filed his first Complaint in the District Court, that that date is January 24, 2005, which was still almost a year after his limitations deadline had expired. The undersigned is constrained to agree with the Defendant on its first argument.³

As noted, Plaintiff did not amend his Complaint adding an FTCA claim until on or around September 12, 2005. While Plaintiff initially added the United States as a party Defendant by amended Complaint filed January 11, 2005, that amended Complaint did not allege an FTCA claim. See Court Document No. 10. Therefore, Plaintiff's FTCA claim is time barred unless his amendments adding the FTCA claim and the United States as the party defendant relate back to the date of his original Complaint. Roman v. Townsend, 224 F.3d. 24, 27 (1st Cir. 2000) ["[T]he FTCA requires that the named defendant in an FTCA action be the United States and only the United States."] (citing 28 U.S.C. §§ 1346(b), 2674, 2679(a)).

> Three elements must be met before Rule 15(c) relation back will be allowed, even when the result could be extinguishment of the claim: (1) same transaction or

---

³With respect to Defendants' second argument, the "relate back" to date (i.e., the original filing date of this case) is not January 24, 2005, as asserted by the Defendant. Rather, January 24, 2005 is the date the serve order was entered by this Court. See Procedure Bulletin 98-5 (D.S.C.). Plaintiff's Complaint was filed on November 26, 2003 in the United States District Court for the Western District of Missouri. See Document No. 1, at p. 3. The case was subsequently transferred to the District of South Carolina by order entered December 9, 2003, and the file was thereafter received in this District on December 29, 2003. Pursuant to Rule 3, Fed.R.Civ.P., Plaintiff's case was deemed filed when it was filed in the Western District of Missouri on November 26, 2003. See Rule 3 ["A civil action is commenced by filing a complaint with the court"]; Yan v. Bocar, No. 04-4194, 2005 WL 3005338, at *6 (S.D.N.Y. September 30, 2005) ["Once the complaint is filed with the court, the requirements of Rule 3 have been satisfied and the action is 'pending'"]. This date was well before Plaintiff's FTCA filing deadline of February 5, 2004. Therefore, if Plaintiff's FTCA claim could be deemed to "relate back" to the original filing date of this case, it would appear to be timely. However, as the only two Defendants named in Plaintiff's original Complaint were the Federal Bureau of Prisons and Dr. Blocker, Plaintiff's FTCA claim does not relate back to that original filing date, all as is set forth hereinabove.



occurrence; (2) the new party had notice of the action prior to the expiration of the statute of limitations; and (3) he knew or should have known that but for a mistake in identity the action would have been brought against him.

Weisgal v. Smith, 774 F.2d 1277, 1278 (4th Cir. 1985)(citing Watson v. Unipress, Inc., 733 F.2d 1386 (10th Cir. 1984)).

Here, the first element is satisfied. However, with regard to the second element, the Fourth Circuit has held that "[t]he language of the Rule requires, in plain and clear terms, that the notice be given 'within the limitations period.'" Weisgal, 774 F.2d at 1279.  In this regard, "[i]t is clear...that the requirement that a plaintiff sue the United States within the period of limitations in an action brought under the FTCA is jurisdictional in nature and thus non-waivable." Roman, 224 F.3d at 28 (citing Allgeier v. United States, 909 F.2d 869, 871 (6th Cir. 1990)["Failure to name the United States as defendant in an FTCA suit results in a fatal lack of jurisdiction."]) While Plaintiff may argue that his having originally sued the previously named natural defendants under Bivens placed the Defendant on notice of his claim,

> [a]n action against a federal employee is 'deemed' to be a FTCA action against the United States once it substitutes itself for the employee, see 28 U.S.C. § 2679(d), but that transformation does not excuse plaintiffs' failure to bring a tort claim against the United States within six months of the denial of [Plaintiff's Administrative Claim]. The limitations and exceptions of the FTCA apply to an action after the United States substitutes itself for the individual defendants, see 28 U.S.C. § 2679(4), including the requirement that a tort claim against the United States be filed within six months of a denial of an Administrative Claim filed with a federal agency. See 28 U.S.C. § 2401(b).

Roman, 224 F.3d at 28.

Indeed, the decision in Roman, where the United States substituted itself for the individual federal employee as the party the Defendant, is directly on point.  The Court in Roman found that the

> substitution had the same legal effect as an amendment to the complaint adding the United States as a party, except that here the United States, rather than the plaintiffs,

7



> was the movant. See Ezenwa v. Gallen, 906 F.Supp. 978, 985 (M.D.Pa. 1995). An amendment adding (or changing) a party against whom a claim is asserted relates back to the date of the original pleading only if, *inter alia*, the added party had sufficient notice of the institution of the action. See Fed.R.Civ.P. 15(c)(3). . . . When the party to be added (or substituted) is the United States, it is deemed to have been properly notified (and the claim to relate back under Rule 15(c)) where, within the period provided by Fed.R.Civ.P. 4(m) for service of the summons and complaint, i.e., 120 days after the filing of the original complaint, delivery or mailing of process has been made to either 1) the United States Attorney or 2) the Attorney General of the United States. See Fed.R.Civ.P. 15(c).

Romans, 224 F.3d at 28.

Here, there is no evidence in the record that Plaintiff ever made an attempt to have the United States served until he filed his proposed amended Complaint of January 11, 2005, over one year after receiving notice of the denial of his administrative claim.[4] See also, Weisgal, 774 F.2d at 1279 [Proposed amendment to complaint to state federal tort claims against the United States did not relate back, for purposes of avoiding statute of limitations bar, to filing of Bivens action against prison staff based on alleged constitutional violations.]. *Cf.* Valluzzi v. U.S. Postal Service, 775 F.Supp. 1124, 1126 (N.D.Ill. 1991) [Amendment to Plaintiff's FTCA complaint, substituting the United States for the Postal Service as the party Defendant, denied where amendment adding the United States would be untimely. Amendment would not relate back to original filing date of the complaint where U.S. Attorney, as agent of the United States, was not served within limitations

---

[4]Even if Plaintiff had been allowed to immediately serve the original Complaint filed on November 26, 2003, the only parties who would have received notice were Dr. Blocker and the Federal Bureau of Prisons, neither of whom would have been served by process against the United States Attorney or the Attorney General of the United States. See Court Document Nos. 14 and 18. While the Clerk's entry for Court Document No. 13 reads as if the United States Attorney's Office was served with process for Plaintiff's claim against the Bureau of Prisons, that is a scriveners error. A review of the document itself in conjunction with the other service documents shows that service Document No. 13 was for service of Plaintiff's claim against the United States, which was not added as a party until January 11, 2005.

8



period]. While this may seem to be a technicality, the Fourth Circuit in Weisgal held that "[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants. As we stated in Mohasco Corp. V. Silver, 447 U.S. 807, 826 (1980), '[I]n the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.'" Weisgal, 774 F.2d at 1280.

Finally, it should be noted that on June 22, 2004,[5] the Plaintiff did file a separate suit alleging an FTCA claim against the United States. See Cicero v. United States, Case No. 0:04-02223. See also, note 1, supra. The undersigned recommended dismissing that suit, without prejudice, since it was predicated on the same factual basis as the present suit. Plaintiff was advised he could amend his present suit to add his FTCA claim. The Plaintiff then wrote to the Court on August 2, 2004 stating his intent to amend his Complaint in the present case to add a claim under the FTCA against the United States, and on January 26, 2005, Plaintiff's civil action number 0:04-02223 was dismissed, without prejudice. However, even assuming that Plaintiff had been allowed to pursue relief in civil action number 0:04-02223, or that his amended Complaint in this case somehow related back to the filing date of civil action 0:04-02223, Plaintiff's claim under the FTCA still would not be timely. As previously referenced, Plaintiff's filing date in 0:04-02223 was June 22, 2004, well after the February 5, 2004 deadline he had to file an FTCA civil action. Therefore, even assuming arguendo that the filing date in Plaintiff's civil action number 0:04-02223 could be deemed to be his earliest attempt at filing his FTCA claim, that claim was still not timely filed.

---

[5]Filing date under Houston v. Lack, 487 U.S. 266 (1988). See Order filed July 13, 2004, n. 2.

9



## **Conclusion**

Based on the foregoing, it is recommended that the Defendant's motion be **granted**, and that this case be **dismissed**.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

September 21, 2006

10



**Notice of Right to File Objections to Magistrate Judge's Report and Recommendation**
**&**
**The Serious Consequences of a Failure to Do So**

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections. **Any written objections must** *specifically identify* **the portions of the Report and Recommendation to which objections are made** *and* **the basis for such objections.** Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, *supra*, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd. Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections. See Wright, supra,; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201
