

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| WINFRED P. CICERO, JR., | § |
| | § |
| Plaintiff, | § |
| | § |
| vs. | § CIVIL ACTION NO. 0:03-4137-HFF-BM |
| | § |
| UNITED STATES OF AMERICA, | § |
| | § |
| Defendant. | § |

## ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE AND DISMISSING THE CASE

This case was originally a civil rights actions brought by Plaintiff pursuant to *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiff later filed an amended complaint asserting a claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq*. Plaintiff is proceeding pro se. This matter is before the Court for review of the Magistrate Judge's Report and Recommendation (Report) suggesting that Defendant's motion to dismiss, or in the alternative, for summary judgment, be granted and that the case be dismissed. The Report is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d) for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo

determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or may recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on September 21, 2006, and the Clerk entered Plaintiff's objections on October 4, 2006. The Magistrate Judge concluded that Plaintiff's FTCA claim did not relate back to the date of the original complaint because the United States had no notice of the action prior to the expiration of the statute of limitations. Therefore, the Magistrate Judge recommends dismissing the case because the FTCA claim was not timely filed. Plaintiff argues that when he amended his complaint, he intended to add the FTCA cause of action to the *Bivens* cause of action, but did not wish to substitute the FTCA claim for the *Bivens* claim.

As previously observed, although Plaintiff originally filed the action pursuant to *Bivens*, he later filed an amended complaint to have his claims considered under the FTCA. On March 14, 2006, the Magistrate Judge issued an order concluding that the only remaining cause of action was the FTCA claim. Further, the Magistrate Judge found that the only remaining Defendant was the United States. Plaintiff failed to challenge these conclusions and now appears to argue, for the first time, that he intended to maintain both the *Bivens* and the FTCA actions.[1]

---

[1] Plaintiff states that he intended to add the FTCA action to the *Bivens* action, which indicates that he expected to maintain the original *Bivens* claim. However, Plaintiff continues to advocate for a negligence standard and seems to concede that he cannot prove deliberate indifference. Plaintiff conflates the two causes of action by relying on the *Bivens* claim to establish the time of filing and relying on the FTCA claim to establish the applicable standard. The two causes of action, however, are separate and must be considered individually.

While not entirely clear from Plaintiff's objections that he expected to maintain the original *Bivens* action, out of an abundance of caution and in the interest of justice, the Court will treat Plaintiff's objections as making such an argument. Accordingly, the Court will address both the FTCA claim and the *Bivens* claim.

Plaintiff's argument does not affect the Magistrate Judge's conclusion regarding the FTCA claim. Even if Plaintiff expected to add the FTCA cause of action rather than substitute it, Plaintiff failed to comply with the statute of limitations. To bring a tort claim against the United States under the FTCA, a plaintiff must file the tort claim within six months after a denial of an administrative claim by the appropriate federal agency. 28 U.S.C. § 2401(b). Further, the named defendant in an FTCA action must be the United States and only the United States. 28 U.S.C. § 1346(b).

Here, Plaintiff failed to timely name the United States as the defendant in an FTCA suit. That failure is fatal to Plaintiff's case. Plaintiff's Administrative Claim was denied on August 5, 2003, and thus Plaintiff had until February 5, 2004, to initiate a tort claim against the United States. Plaintiff named the United States as the Defendant in this FTCA suit on September 12, 2005, more than nineteen months after the February 5, 2004, deadline. Moreover, as the Magistrate Judge correctly concluded, the FTCA claim does not relate back to the date of the original complaint because Plaintiff made no attempt to have the United States served until January 11, 2005. *See Weisgal v. Smith*, 774 F.2d 1277, 1278 (4th Cir. 1985) (providing three requirements for relation back: (1) same transaction or occurrence; (2) the new party had notice of the action prior to the expiration of the statute of limitations; and (3) the new party knew or should have known that but for a mistake in identity the action would have been brought against him). Accordingly, Plaintiff's FTCA claim will be dismissed.

To the extent that Plaintiff argues he maintained the original *Bivens* claim, that claim will also be dismissed. Plaintiff alleges violations of his constitutional rights while he was incarcerated at the Federal Correctional Institution in Edgefield, South Carolina. The named Defendants in the

*Bivens* action were employees of the United States Bureau of Prisons, assigned to FCI-Edgefield.[2] The claims against Defendants in their official capacities are barred because "a *Bivens* action does not lie against either agencies or officials in their official capacity." *Doe v. Chao*, 306 F.3d 170, 184 (4th Cir. 2002).

Additionally, Defendants, in their individual capacities, are entitled to qualified immunity pursuant to *Harlow v. Fitzgerald*, 457 U.S. 800 (1982). The Supreme Court, in *Harlow*, established the standard which a court is to follow when determining whether a defendant is protected by qualified immunity. Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow*, 457 U.S. at 818. Here, Plaintiff fails to show that Defendants violated any of his clearly established constitutional or statutory rights. Therefore, Defendants are entitled to qualified immunity in their individual capacities, and Plaintiff's *Bivens* claim should be dismissed.

After a thorough review of the Report and the record in these cases pursuant to the standards set forth above, the Court overrules Plaintiff's objections, adopts the Report and incorporates it herein to the extent that it does not contradict the terms of this Order. Therefore, it is the judgment of this Court that Defendant's motion be **GRANTED** and that this case be, and the same is hereby, **DISMISSED**.

---

[2]On March 14, 2006, the Magistrate Judge issued an order terminating the original Defendants. They are no longer parties to this litigation. However, because Plaintiff appears to argue that he intended to maintain the original *Bivens* action, the Court will address the claims raised against these Defendants in the original complaint.

**IT IS SO ORDERED**.

Signed this 1st day of November, 2006, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**
Plaintiff is hereby notified that he has the right to appeal this Order within **sixty (60)** days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.